IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

PHARMACISTS MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

NAMIC INSURANCE COMPANY, INC.,

Defendant.

## COMPLAINT

Pharmacists Mutual Insurance Company ("PHMIC"), by and through its undersigned attorneys, for its Complaint against NAMIC Insurance Company, Inc. ("NAMICO"), states as follows.

### PARTIES, JURISDICTION AND VENUE

1. PHMIC is an Iowa corporation with its principal place of business located in Algona, Iowa.

2. PHMIC is authorized to transact the business of insurance in the State of Colorado.

3. NAMICO is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

4. NAMICO is an insurance company that, among other things, offers Insurance Company Professional Liability Insurance and Directors and Officer Liability Insurance to mutual insurance companies like PHMIC.

{00245527.1 }

5. This action arises out NAMICO's breaches of obligations owed to PHMIC under a professional liability insurance policy that NAMICO issued with PHMIC as insured with regard to a lawsuit filed by Kimberly Schock against PHMIC.

6. The Schock lawsuit against PHMIC was filed in the United States District Court for the District of Colorado, Civil Action No. 1:17-CV-597 (the "Underlying Action") and concerned PHMIC's handling of a claim by Schock under a policy of insurance PHMIC issued to Schock who was a Colorado resident.

7. This Court has diversity jurisdiction over the parties under 28 U.S.C. §1332(a) because complete diversity exists between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

8. Venue is appropriate pursuant to 28 U.S.C. §1391 (b)(2) because, as described below, the events and circumstances giving rise to PHMIC's claims against NAMICO for breach of its indemnity obligations under the policy NAMICO issued with PHMIC as insured occurred in this district.

## GENERAL ALLEGATIONS

9. Attached hereto as Exhibit 1 is a true and correct copy of the Schock complaint against PHMIC filed in the Underlying Action.

10. Attached hereto as Exhibit 2 is a true and correct copy of NAMICO's Policy Number C01330015 ("NAMICO'S Policy") issued with PHMIC as named insured. Certain confidential information has been redacted from Exhibit 2.

11. Prior to the Underlying Action being filed Schock's counsel, by letter dated May 11, 2016, threatened bad faith arising out of a coverage dispute between PHMIC and Schock.

12. The coverage dispute leading to the filing of the Underlying Action concerned whether Shock was entitled to a single $100,000 limit under her Uninsured/Underinsured Motorists coverage ("U/M coverage") or five $100,000 limits under the policy PHMIC issued with Schock and her husband as insured.

13. Schock had sustained injuries in an automobile accident that occurred in Colorado and claimed personal injury damages in excess of $100,000 resulting from that accident.

14. PHMIC initially erroneously informed Schock the limits under the PHMIC policy could stack so that there was a potential of $500,000 in coverage.

15. On June 8, 2016 PHMIC notified Schock's counsel that there had been an error in the earlier PHMIC coverage analysis and that only $100,000 of coverage under the U/M coverage was available.

16. PHMIC also tendered and paid the full amount of U/M coverage available to Schock of $100,000.

17. Schock's counsel responded that PHMIC was acting in bad faith.

18. Because of that bad faith assertion and before the Underlying Action was filed PHMIC notified NAMICO of a claim and NAMICO, on June 24, 2016, assigned counsel to defend PHMIC from Schock's threatened claims.

19. Despite the fact that only $100,000 of coverage was available PHMIC, in an effort to head off Schock's claim that PHMIC had acted in bad faith, paid Schock an additional $117,618.94 on June 20, 2016, because of medical expenses Schock claimed to have incurred prior to being informed only $100,000 in U/M coverage was available under the PHMIC policy.

20. NAMICO was aware or should have been aware from June 24, 2016 forward, when it accepted PHMIC's claim notice and assigned defense counsel to defend PHMIC from Schock's threatened claims, of PHMIC's subsequent payment of the $117,618.94 above PHMIC's U/M coverage limit of $100,000.

21. The $117,618.94 PHMIC payment to Schock was made in an effort to head off Schock's threatened bad faith and extra contractual damages claims.

22. On March 6, 2017 Schock filed her complaint in the Underlying Action.

23. In that complaint Schock, asserted a claim for bad faith and a claim for Unreasonable Delay/Denial of a Claim for Benefits. Those claims were covered claims under the NAMICO Policy.

24. In addition Schock asserted claims under the U/M coverage and for breach of contract.

25. PHMIC answered and denied that any additional benefits were owed Schock under the PHMIC Policy.

26. The Underlying Action presented a mixed bag of covered and potentially uncovered claims for which NAMICO owed PHMIC a defense under the NAMICO Policy.

27. NAMICO, as was its right and duty under the NAMICO Policy, accepted and controlled the defense of PHMIC in the Underlying Action.

28. Because Schock's claim for U/M benefits depended in large part upon a claim that PHMIC was estopped from denying Schock had $500,000 in U/M limits, PHMIC's defense counsel filed a motion for partial summary judgment in the Underlying Action on that issue. The motion for partial summary judgment was filed September 22, 2017.

29. Prior to Schock responding to that motion for partial summary judgment PHMIC and Schock participated in a settlement conference before the Honorable William Neighbors (Ret.).

30. Schock's first demand to PHMIC at the settlement conference was $3,500,000. Schock's lowest demand at the settlement conference was $3,100,000. The settlement conference did not result in a settlement of the Underlying Action.

31. Following the unsuccessful settlement conference Schock issued a reduced settlement demand that had a short time limit before it expired and was within the NAMICO Policy limits.

32. Schock's settlement demand contained no allocation between covered and potentially uncovered claims.

33. NAMICO's retained defense counsel for PHMIC recommended that settlement demand be accepted.

34. PHMIC demanded NAMICO agree to that settlement.

35. NAMICO, on October 2, 2017, agreed to the settlement demand but stated its agreement to the settlement was subject to NAMICO's and PHMIC's future agreement upon "allocation and funding of" the settlement amount.

36. No agreement as to allocation and funding of the settlement amount was reached between NAMICO and PHMIC.

37. The settlement is confidential. However, the settlement agreement contains no admission of liability and no allocation of the amount paid in settlement between covered and potentially uncovered claims.

38. PHMIC funded the settlement and sought recovery of the amount funded from NAMICO.

39. The court in the Underlying Action then dismissed the claims with prejudice and never ruled on PHMIC's pending motion for partial summary judgment. Therefore the court in the Underlying Action never determined that the U/M coverage available to Schock exceeded $100,000.

40. NAMICO unilaterally and after-the-fact determined the portion of the settlement amount for which it would reimburse PHMIC.

41. In determining that amount it would reimburse PHMIC, NAMICO asserted the full $500,000 in U/M benefits claimed by Schock was an "uncovered contract loss" and allocated $500,000 of the amount paid in settlement to this allegedly uncovered contract loss.

42. NAMCIO refused to reimburse PHMIC for that NAMICO allocated amount.

43. NAMICO's explanation for its unilateral determination on the amount that would be reimbursed to PHMIC was set forth in a "Reservation of Rights" letter dated November 2, 2017.

44. To support NAMICO's determination of an allegedly "uncovered contract loss" NAMICO stated, in relevant part:

> "It therefore appears more likely than not that Schock had a viable contractual based claim (either based on the contract itself or promissory estoppels) or that PHMIC would have been estopped from asserting any anti-stacking language contract defense to the Schock claim. Schock's damages exceeded the $500,000 combined limits of her policy and she more likely than not would have received the full amount.

Accordingly, $500,000 of the amount paid in settlement of the claim is attributable to the contract based damages. . . ."

45. NAMICO's unilateral, self-serving allocation of $500,000 of the settlement amount to an "uncovered contract loss" is based upon faulty reasoning, does not comport with the law in the Tenth Circuit or Colorado law and breaches NAMICO's obligations to PHMIC under the NAMICO Policy.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

46. The preceding allegations are incorporated by reference.

47. NAMICO breached its obligations to PHMIC by not paying PHMIC what it was due under the NAMICO Policy and by not giving PHMIC full credit for amounts PHMIC paid in defense fees, losses and costs in determining the amount NAMICO reimbursed to PHMIC.

48. By these actions NAMICO has breached its obligations to PHMIC under the NAMICO Policy by failing to pay PHMIC all amounts due PHMIC.

49. That breach has caused PHMIC damages in excess of $75,000.00.

**WHEREFORE**, PHMIC requests that this Court enter judgment in PHMIC's favor and against NAMICO as follows:

A. On PHMIC's first claim for relief, in favor of PHMIC and against NAMICO in an amount to be determined at trial along with any incidental and consequential damages, pre-judgment interest, costs, expert witness fees and all other damages allowable by law; and

B. For such further relief as the Court deems appropriate.

DATED this 4th day of April, 2018.

                                              Respectfully submitted,
*Duly signed copy on file in office of Counsel*

s/ Dennis J. Bartlett
Dennis J. Bartlett, #14918
6455 S. Yosemite Street, Suite 750
Greenwood Village, CO 80111
(303) 515-2481
(303) 812-1212 (fax)
dennis@bbl.law

*Attorneys for Plaintiff*

Address of Plaintiff:
808 Highway 18 W
Algona, IA 50511