IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE S. KATO CREWS

Civil Action No. 1:18-cv-00791-MSK-SKC

PHARMACISTS MUTUAL INSURANCE COMPANY,

      Plaintiff,

v.

NAMIC INSURANCE COMPANY, INC.,

      Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY ALL DISCOVERY [ECF. #29] AND DENYING AS MOOT UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER [ECF. #42]**

Magistrate Judge S. Kato Crews

      This matter comes before the Court on Defendant's Motion to Stay All Discovery filed August 29, 2019 [ECF. #29] and the Unopposed Motion to Modify Scheduling Order [ECF. #42], which have been referred to this Court [ECF. #30; *Id.* #45]. Plaintiff responded to the Motion to Stay on September 6, 2018 [ECF #37], and Defendant filed a reply on September 18, 2018 [ECF. #39]. The Court has carefully considered the Motions, the entire case file and the applicable law, and has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, the Court grants in part and denies in part Defendant's Motion to Stay. Furthermore, the Unopposed Motion to Modify Scheduling Order is denied as moot.

## BACKGROUND

Defendant seeks a stay of all discovery pending ruling on its motion to dismiss for lack of personal jurisdiction and venue, refiled on September 18, 2018 [ECF. #40].[1] Defendant argues that all discovery should be stayed pending Chief Judge Krieger's ruling on its motion to dismiss and cites to cases from this district supporting such a stay. [ECF. #29 p. 3.] Plaintiff asserts that it should be allowed to go forward with discovery because, in part, it is necessary to Plaintiff's opposition to Defendant's motion to dismiss for lack of personal jurisdiction and venue. [ECF. #37 p. 4.]

## DISCUSSION

The decision to issue a protective order and thereby stay discovery is within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Under Federal Rules of Civil Procedure 26(c), a stay is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Generally, a stay of all discovery is disfavored in this district. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

The Court considers the following factors, in its discretion: (1) Plaintiff's interests in proceeding expeditiously and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendant; (3) the convenience to the Court; (4) interests of non-parties in either staying or proceeding with discovery; and (5) the public's interests in staying or proceeding with discovery. *See String Cheese Incident, LLC, v. Stylus Shows, Inc.*, No.

---

[1] The Court understands this Motion to Stay to relate to Defendant's September 18, 2018 Motion to Dismiss [ECF. #40], as Defendant's original motion to dismiss [ECF. #11] was rendered moot by Defendant's refiling. [*See* ECF. #44.]

1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Considering these factors, the Court concludes that a partial stay strictly limiting discovery to the issue of jurisdictional fact and venue is warranted.

First, Plaintiff generally has an interest in its case proceeding expeditiously. Here, the only specific prejudice Plaintiff alleges is that a complete stay would bar Plaintiff from taking depositions of two of Defendant's employees, Mr. Wruble and Mr. Hamilton. Plaintiff alleges these individuals have knowledge of facts regarding the scope and nature of Defendant's contacts with Colorado, at a minimum. Without this evidence, Plaintiff argues it would be prejudiced in its opposition to Defendant's Motion to Dismiss, which Plaintiff has yet to file. Defendant acknowledges that discovery limited to jurisdictional facts may be appropriate in lieu of a complete stay. [ECF. #39 pp. 1-3.] Because Plaintiff has identified a specific prejudice that would result from a complete stay, and because the Court is satisfied that depositions of Mr. Wruble and Mr. Hamilton only on the limited scope of jurisdictional facts and venue would protect Plaintiff's interests, the Court finds the first factor weighs in favor of a partial stay.

Second, there is no special burden to Defendant here. Defendants are always burdened when they are sued, whether the Court ultimately dismisses the suit or a trial occurs. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSB-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Without prejudging the merits of the motion to dismiss, the Court notes that proceeding with discovery would be wasteful should the motion to

dismiss be granted, especially because granting the motion would dispose of the case.[2] Thus, the second factor weighs in favor of a complete stay of discovery.

The third factor weighs in favor of a partial stay. The general policy in this District disfavors a complete stay of discovery, "as the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stove v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010). On the other hand, "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, the parties have each suggested some utility in a partial stay allowing for discovery on jurisdictional facts and venue. The Court believes limiting discovery in this way may aid its evaluation of Defendant's motion to dismiss, and therefore, is an efficient use of the Court's resources weighing in favor of a partial stay.

Factors four and five support granting a partial stay as well. Undoubtedly, the two non-parties, Mr. Wruble and Mr. Hamilton, both employees of Defendant, have interests that would be best served by a stay on all discovery. However, Plaintiff asserts the deposition of these individuals would elicit additional evidence relevant to the Court's jurisdiction analysis. [ECF. #37 p.4.] Thus, the Court finds that Mr. Wruble and Mr. Hamilton's value to the issues pending before the Court outweigh their interests in a

---

[2] Plaintiff asserts that an order granting the motion to dismiss would only serve as a jurisdictional bar and the "functional equivalent to transferring venue as [Plaintiff's] claims will not be time barred and the dispute will then be prosecuted in another jurisdiction." [ECF. #37 p. 5.] Even if this may prove to be true, the Court does not find the *possibility* of a transfer of venue enough to tilt the scales against a stay for the second factor. This is especially true where a motion to transfer is not before the Court and because the decision to transfer is a discretionary matter left to the presiding judge in this matter. *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) ("The decision to transfer venue lies in the sole discretion of the district court.").

complete stay of discovery.[3] Finally, the public has an interest in the fair and speedy administration of legal disputes. S*ee, Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009). Allowing for additional discovery on jurisdiction and venue will aid the just and efficient resolution of this matter.

After considering counsels' arguments and weighing the *String Cheese* factors, the Court finds that a stay on all discovery, except for depositions of Mr. Wruble and Mr. Hamilton on issues of jurisdictional fact and venue, is appropriate in this instance. In light of the Court's ruling on the Motion to Stay, the Court denies as moot the Unopposed Motion to Modify the Scheduling Order.

Accordingly, IT IS ORDERED that Defendant's Motion to Stay [ECF. #29] is GRANTED in part and DENIED in part. The Motion to Stay is partially DENIED insofar as Plaintiff shall be allowed to depose of Mr. Wruble and Mr. Hamilton only on the limited scope of jurisdictional facts and venue. The Motion to Stay is partially GRANTED insofar as all other discovery, to include other forms of jurisdictional facts, venue and merits discovery, and all discovery deadlines set in the Scheduling Order shall be stayed until the resolution of the Motion to Dismiss [ECF. #40].

IT IS FURTHER ORDERED that the Unopposed Motion to Modify the Scheduling Order [ECF. #44] is DENIED as moot, and a Telephonic Status Conference is set for

---

[3] Defendant's Motion suggests that Plaintiff proposes taking the deposition of two non-party attorneys. [ECF. #29 p. 5.] Plaintiff indicates it does not presently intend to depose these individuals. In any event, and in light of this Court's ruling limiting discovery to the issue of jurisdiction, the Court does not find it probative to consider these particular non-parties' interests in a stay.

5

December 18, 2018 at 9:00 AM before Magistrate Judge Crews to address any need for modification of the Scheduling Order at that time.

DATED at Denver, Colorado, this 24th day of September 2018.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado